JOSEPH NUSSBAUM, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

S. D. BINGE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 44974, 44975.   Promulgated May 8, 1930.

*A. E. James, Esq.*, for the petitioners.
*John D. Kiley, Esq.*, for the respondent.

## OPINION.

SEAWELL: In moving for judgment on the facts as set forth in our findings, the petitioners contend that they are entitled to deductions from gross income for the amounts paid as premiums on certain life insurance policies for the reason (1) that they are ordinary and necessary expenses of carrying on their business and (2) that such deductions are not prohibited by section 215 (a) (4) of the Revenue Act of 1926.

The only facts we have with respect to the first contention are that the petitioners were engaged in the commercial banking business as partners and while so associated entered into the agreement set forth above under which each of the petitioners insured his own life, naming the other petitioner as beneficiary, and paid the premiums on the policies as taken out. Various facts, which were apparently alleged for the purpose of showing the necessity for the expenditure and its character as a business expense, were denied by the Commissioner and therefore are not properly before us. Statements to a similar effect as those denied by the Commissioner appear in the agreement which was admitted in evidence, but we do not understand that the mere fact that the agreement is admitted in evidence is adequate proof of the facts set forth therein as inducements leading up to the execution of the agreement. There is no specific provision in the statute making life insurance premiums a deductible expense. On the contrary, such expenditures would usually be excluded from among the allowable deductions on the ground that they are personal, living or family expenses (section 215 (a) (1)). Where a deduction is allowable on account of such expenditures it is on the ground of an ordinary and necessary expense (*Berizzi Brothers Co.*, 16 B. T. A. 1307). That the petitioners were associated in business and that they saw fit to enter into this agreement under which the payments were made are not, in our opinion, sufficient to show that the expenditures made by each petitioner were so related to his business as to be considered "ordinary and necessary" within the meaning of the statute.

But even if we should say that sufficient facts have been adduced to show that the deductions claimed come within the statutory definition of ordinary and necessary expenses, we are of the opinion that such deductions must be denied on account of the inhibition contained in section 215 (a) (4), *supra*, which provides that:

In computing net income no deduction shall in any case be allowed in respect of—

\* \* \* \* \* \* \*

(4) Premiums paid on any life insurance policy covering the life of any officer or employee, or of any person financially interested in any trade or business carried on by the taxpayer, when the taxpayer is directly or indirectly a beneficiary under such policy.

The petitioners call our attention to the commonly accepted meaning of the word "beneficiary" and to the fact that neither of the petitioners was a beneficiary under the policies upon which he paid the premiums. Admittedly, when the policies as taken out by each of the petitioners are considered separately and apart from those of the other petitioner and without regard to the agreement existing between them, there is ground for saying that the petitioners

were not the beneficiaries named in the polices under which they paid the premiums which they now claim as deductions. We, however, are of the opinion that the situation must be viewed as a whole, and in the light of the apparent purpose in prohibiting a deduction for insurance premiums where the person paying such premiums is directly or indirectly a beneficiary under the policies on which the premiums are paid. The term "beneficiary" as used in insurance policies is defined by Cooley in Briefs on the Law of Insurance, vol. 1, p. 796, as follows:

As ordinarily used, the term "beneficiary" has reference only to persons who, though not parties to the contract, are named therein as the recipients of the proceeds of the policy. In its broader significance it will include, also, those who, on a proper basis of insurable interest, have secured insurance on the lives of others. * * *

And the statute with which we are concerned does not limit the prohibition to those who are named as beneficiaries (which, of course, would be a direct beneficiary) but states that it applies "when the taxpayer is directly or indirectly a beneficiary under such policy." While the exact meaning which may be given to the word "indirectly" in the above provision may not be self-evident, we think that the fact that Congress saw fit to use the words "directly or indirectly" evidences an intent to include within its provisions persons other than those commonly called beneficiaries within the narrow use of the term. In this instance Nussbaum insured his life for the benefit of Binge, and Binge likewise insured his life for the benefit of Nussbaum. Nussbaum paid the premiums under the policy on his own life in which he was not the beneficiary and the same was true as to Binge, but the consideration which led Nussbaum to pay his own premiums was that Binge would do likewise with respect to his policies. Certainly, if, on the theory of an insurable interest which each petitioner may have had in the life of the other petitioner, Nussbaum had taken out the policies on Binge's life in which he (Nussbaum) was named as beneficiary and had paid the premiums on such policies, and if Binge had taken similar action with respect to Nussbaum, there would be no question that section 215 (a) (4), *supra*, prevents the allowance of the premiums as a deduction from gross income. Under such circumstances we would have a direct beneficiary claiming the benefit of a deduction on account of premiums which he had paid. Here the same result is being accomplished (in so far as the benefit of each petitioner is concerned) by having each petitioner insure his own life for the benefit of the other. When we consider the broad provisions of the statute and the manner in which the policies of the two petitioners are related by the agreement entered into between them, we are of the opinion that the petitioners are indirectly, if not

directly, beneficiaries under the policies for which the premiums were paid and therefore not entitled to the deductions claimed.

*Judgment will be entered for the respondent.*